UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BARRY SEPULVEDA

                                Plaintiff,

**VERIFIED AMENDED COMPLAINT**

        -against-

15-CV-05187 (RRM) (CLP)

CITY OF NEW YORK and NEW YORK CITY POLICE
OFFICER RICKY ALEXANDER, Shield # 12750; POLICE
OFFICER DANNY GOLAT, Shield # 9913; POLICE
OFFICER SEAN HAGGERTY; Shield # 29907 and
SERGEANT MICHAEL DICECO, Shield # 3303

        Defendants,

-------------------------------------------------------------------------X

**PRELIMINARY STATEMENT**

Pursuant to an order of Magistrate Judge Cheryl L. Pollak dated February 14, 2017 which granted Plaintiff motion to amend his pleadings, Plaintiff's complaint is amended as follows:

1. This is an action for monetary damages (compensatory and punitive) against the City of New York, Police Officer Ricky Alexander, shield # 12750, Police Officer Danny Golat, shield # 9913, Police Officer Sean Haggerty, shield # 29907 and Sergeant Michael Dicecco, shield # 3303 arising out of the arrest, imprisonment, unlawful search and the violation of the privacy and constitutional rights of BARRY SEPULVEDA, the complainant herein.

2. On March 26, 2014, at approximately 2125 hours, Police Officer Ricky Alexander, Officer Danny Golat, Officer Sean Haggerty and Sergeant Michael Dicecco were employed by the New York City Police Department and acting under the color of State law, intentionally and willfully subjected the Plaintiff to, inter alia, unconstitutional pretrial punishment, a warrantless unlawful search by taking him to a hospital and forcing him to defecate so that his stool could be searched for drugs when there was no reasonable suspicion that contraband would be found in violation of Plaintiff's Fourth Amendment Constitutional rights.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Sections 1331, 42 U.S.C. Sections 1983 and 1985, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.
Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over Plaintiff=s state law claims is asserted.

4. The amount in controversy exceeds $75,000.00 excluding interest and cost.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the Defendant City of New York and the Police Department of the City of New York is located within the Eastern District of New York and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. That at all times mentioned herein, the Plaintiff BARRY SEPULVEDA, was and still is a resident of the County of Richmond, City and State of New York.

7. That at all times hereinafter mentioned, the Defendant CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing pursuant to the Constitution and Laws of the State of New York.

8. That at all times hereinafter mentioned, the Defendant, City of New York, was and still is a municipal corporation doing business in the State of New York.

9. That at all times hereinafter mentioned, the individual Defendants are: Police Officer Ricky Alexander, Police Officer Danny Golat, Police Officer Sean Haggerty and Sergeant Michael Dicecco and all were at all times relevant hereto, employees of the City of New York as police officers.

10. At all times mentioned herein, defendants were acting under the color of state law, to wit. Under color of the statutes, ordinances, regulations, policies, custom and usages of the City and State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION

### FOR VIOLATION OF THE PLAINTIFF'S FOURTH AMENDMENT RIGHTS AGAINST ILLEGAL SEARCH AND SEIZURE

11. That on March 26, 2014 all four individual defendants were working together and patrolling in an unmarked police vehicle.

12. On March 26, 2014, the Plaintiff was also riding in a vehicle in the front passenger seat of a 2006 Nissan Murano which was being operated by a friend.

13. At approximately 9:30 pm on March 26, 2014, the defendant's followed the Plaintiff's vehicle and signaled it to pull over.

14. After the vehicle was stopped Police Officer Danny Golat approached the driver's side door of the vehicle while Police Officer Ricky Alexander approached the front passenger side door of the vehicle with his gun drawn.

15. While Police Officer Ricky Alexander stood at the front passenger side of the vehicle, he claims to have observed Plaintiff Barry Sepulveda holding a plastic bag in his hand containing what he claimed to be a white powder and that Barry Sepulveda shoved this plastic bag under his waist band and down his back while Mr. Sepulveda was fully clothed and still seated inside the vehicle.

16. Police Officer Ricky Alexander opened the passenger side door, grabbed the Plaintiff's arm and forcibly pulled him out of the vehicle.

17. Police Officer Danny Golat who was at the driver's side of the vehicle forcibly pulled the driver out of the vehicle detained him with the assistance of Officers Sean Haggerty and Sergeant Michael Diceco, and then searched the vehicle.

18. During his search of the vehicle Police Officer Golat claims to have recovered a gravity knife from the front center console of the vehicle.

19. Police Officer Alexander conducted a pat down search of the Plaintiff while he was being detained outside of the vehicle and no contraband was recovered from the Plaintiff.

20. Police officer Alexander then arrested Plaintiff, hand cuffed him and conducted a full

body search. He then placed the Plaintiff into a police vehicle for transport to the Police Precinct. No contraband was recovered.

21. Upon his arrival at the 121st Police Precinct the Plaintiff was taken before the Desk Sergeant. No request for medical attention was requested by the Plaintiff and none was requested by the individual defendants.

22. The Plaintiff was then placed into a cell where he remained for about 30 minutes.

23. The Plaintiff was then taken out of the cell by one of the individual defendants and taken to a small room.

24. While inside the room and in the presence of the individual defendants, the Plaintiff was instructed to take off all of his clothing and then to spread his legs and squat. The Plaintiff complied with these directives.

25. No contraband was seen in the Plaintiff rectum and no contraband was recovered from the defendant's person as a result of this precinct strip search.

26. That on or after March 26, 2014, the Defendants, their agents and employees maliciously and unlawfully searched and seized the Plaintiff BARRY SEPULVEDA without probable cause.

27. That as a result of the aforesaid actions of the individual defendants they are liable to the Plaintiff for the deprivation of these rights and for related consequential damages in an amount to be determined.


## AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF THE PLAINTIFF'S FOURTEENTH AMENDMENT PROTECTIONS AGAINST PRETRIAL PUNISHMENT

28. The Plaintiff repeats and reiterates the allegations in paragraphs 1-27 above as if fully set forth herein

29. That following the strip search of the Plaintiff at the Precinct he was then taken to Richmond University Hospital in the custody of the defendants.

30. The defendant Police Officers then instructed the hospital staff to give the Plaintiff a laxative to force him to have a bowel movement. The hospital staff complied with this request by the giving the Plaintiff a diuretic.

31. The Plaintiff repeatedly refused to take the laxative .

32. The Plaintiff remained handcuffed to the hospital bed for six (6) days. No contraband was recovered from the Plaintiff while he was detained in the hospital.

33. The individual defendants had no warrant to conduct a cavity search of the Plaintiff.

34. The individual defendants had no probable cause to believe that the Plaintiff has contraband on his person.

35. That the act of detaining the Plaintiff, Barry Sepulveda, at the hospital for six (6) days, for a body cavity search without a search warrant from a judge or magistrate, constitutes cruel and inhuman treatment.

36. After being detained six days at the hospital, the Plaintiff was taken to Criminal Court and arraigned on charges of Criminal Possession of a Weapon in the Fourth Degree. That charge was subsequently dismissed on September 30, 2014.

37. That the Defendants, their agents, and employees acting within the scope of their authority and within the scope of their employment, wrongfully, unlawfully and without a sufficient charge having been made against him, detained the Plaintiff BARRY SEPULVEDA at the Richmond University Medical Center and directed that he be searched.

38. That the aforesaid actions of the defendants subjected this Plaintiff to unconstitutional pretrial punishment in violation of his rights under the Due Process Clause of the Fourteenth Amendment of the Federal Constitution.

39. That the Defendants have deprived the Plaintiff of his rights under the 4th and 14th Amendments to the US Constitution and are liable to the Plaintiff for the deprivation of these rights and for related consequential damages in an amount to be determined.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally, on all causes of action as follows:

A. In favor of Plaintiff in the amount of Three Hundred Thousand ($300,000.00) Dollars.

B. Awarding Plaintiff punitive damages in the amount of Three Hundred Thousand ($300,000.00) Dollars.

C. Awarding Plaintiff reasonable attorney's fees, cost and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Staten Island, New York
     March 3, 2017

*[signature]*
PHILIP O. OHENE, Esq.
Attorney for Plaintiff
805 Castleton Avenue
Staten Island, NY 10310
(718) 727-6607

To: Matthew Stein, Esq.
    Attorney for Defendants
    100 Church Street
    New York, NY 10007

STATE OF NEW YORK, COUNTY OF _____ ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** — certify that the within _____ has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** — state that I am _____ the attorney(s) of record for _____ in the within action; I have read the foregoing _____ and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by _____

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

STATE OF NEW YORK, COUNTY OF **RICHMOND** ss.:

I, **BARRY SEPULVEDA**, being duly sworn, depose and say: I am **Complainant**

☒ **Individual Verification** — in the within action; I have read the foregoing **Verified Amended Complaint** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** — the _____ of _____ a _____ corporation and a party in the within action; I have read the foregoing _____ and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Records in my attorney's file

Sworn to before me on March 3, 2017

Philip Ohene
Notary Public State of New York
No. 02OH5035382
Qualified in Richmond County
Commission Expires March 28, 2018

**BARRY SEPULVEDA**

STATE OF NEW YORK, COUNTY OF _____ ss.: (If more than one box is checked — indicate after names type of service used.)

I, _____, being sworn, say: I am not a party to the action, am over 18 years of age and reside at _____

On _____ 19 ____ I served the within

☐ **Service By Mail** — by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

☐ **Personal Service on Individual** — by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service By Electronic Means** — by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after the name:

☐ **Overnight Delivery Service** — by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of _____ for overnight delivery, prior to the latest time designated by that service for overnight delivery.